UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DAVID JOSEPH, ROBERT MACIASZ,**
**ANTHONY MANDERACHIA,**
**DENNIS SOKOLA, EDWARD TUTTLE,**
**and WILLIE E. WORTHEN,**
**individual Michigan citizens,**

        **Plaintiffs,**

Case No.   06-10274

v.

HONORABLE DENISE PAGE HOOD

**FORD MOTOR COMPANY, a Michigan**
**domestic profit corporation,**

        **Defendant.**

_____/

## ORDER DENYING PLAINTIFFS DENNIS SZOKOLA'S AND DAVID JOSEPH'S MOTIONS TO REOPEN PROOFS

**I.   INTRODUCTION**

This matter is before the Court on Plaintiff Dennis Szokola's Motion and Brief to Reopen Proofs on Specific Issue and Make Additional Findings of Fact Pursuant to Federal Rules of Civil Procedure 52, 59 **[Docket No. 244, filed on April 1, 2010]**.[1]  Defendant filed a response on April 15, 2010 **[Docket No. 245]**, to which Plaintiffs replied **[Docket No. 246, filed on April 22, 2010]**.

This matter is also before the Court on Plaintiffs' Motion and Brief to Reopen Proofs on

---

[1] Under Rule 52(b), "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings–or make additional findings, and may amend the judgment accordingly."  As no judgment has been entered in this case, this Rule is inapplicable and the Court will analyze the motion under Rule 59.

Specific Issue Regarding Permanent Layoff of Plaintiff David Joseph and Make Additional Findings of Fact Pursuant to Federal Rules of Civil Procedure 52, 59 **[Docket No. 247, filed on May 5, 2010]**.  Defendant filed a response on May 20, 2010 **[Docket No. 248]**, to which Plaintiffs replied **[Docket No. 249, filed on May 27, 2010]**.

II.     STATEMENT OF FACTS

This Court held a bench trial from March 3, 2010 through March 16, 2010, in which Plaintiffs raised the following claims: (1) breach of a collective bargaining agreement, in violation of § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185; and (2) interference with benefits, in violation of  § 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140.  During trial, Defendant challenged both liability and Plaintiffs' damages.

On March 31, 2010, following the close of the bench trial, Plaintiff Dennis Szokola was terminated from his position at Severstal.  On April 30, 2010, Plaintiff David Joseph was terminated from his position at Severstal.  Plaintiffs brought the instant motions, arguing that a reopening of the proofs will allow Plaintiffs to submit additional information that will assist the Court in calculating damages.

III.    APPLICABLE LAW AND ANALYSIS

Pursuant to Rule 59(a) of the Federal Rules of Civil Procedure:

> The court may, on motion, grant a new trial on all or some of the issues –and to any party–as follows: (A)[omitting standard for jury trials]**;** or (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.  After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

"Like a motion under Rule 15(a) to amend the pleadings, a motion to reopen to submit additional proof is addressed to the [trial judge's] sound discretion." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971). "Although the grounds for a new trial are not specifically enumerated in the Rule, a new trial will generally only be granted if the verdict is against the weight of the evidence, the damages are excessive, there is newly discovered evidence, or the trial was otherwise unfair." *In re: Quality Stores, Inc.,* 272 B.R. 643, 649-650 (Bankr. W.D. Mich. 2002). In this case, Plaintiffs argue that there are additional facts to be considered; facts that were not known at trial and, therefore, could not have been presented during that time.

> A motion for a new trial on the ground of newly discovered evidence [1] must show that the evidence was discovered since the trial; [2] must show facts from which the court may infer reasonable diligence on the part of the movant; [3] must show that the evidence is not merely cumulative or impeaching; [4] must show that it is material; *and* [5] must show that it is of such character that on a new trial such evidence will probably produce a different result.

*Id.* at 650 (emphasis added).

Plaintiffs have not made a showing that this evidence is of such a character that its inclusion will likely produce a different result. This Court has yet to determine the issue of damages in this case. As such, no result has yet been produced. In the case that the Court entered a judgment in Plaintiffs' favor, Plaintiffs' motions would be unnecessary. If the Court entered a judgment in favor of Defendant, Plaintiffs have not demonstrated that this additional evidence it seeks to admit would probably produce a different result.

The Court is not satisfied that the terminations can be properly termed as "newly discovered evidence." "The Sixth Circuit has recognized the well conceived rule that newly discovered evidence for motions under Rule 59 or Rule 60(b)(2) must pertain to evidence which

3

existed at the time of trial." *Multimatic, Inc. v. Faurecia Interior Sys. USA, Inc.*, 542 F.Supp.2d 677, 682 (E.D. Mich. 2008) (internal quotations omitted).  Plaintiff Szokola's and Plaintiff Joseph's terminations of March 30, 2010 and April 30, 2010, respectively, could not have existed at the time of the trial.  Plaintiffs argue that the evidence did exist at the time of trial, but is unable to provide evidence to demonstrate this.  To the extent Plaintiffs argue that the terminations "relate to" evidence existing at the time of trial, the actual evidence must have existed at the time of trial.  *See id.*  To rule otherwise would open the doors for unlimited motions to reopen proofs any time there was a development related to one's case.

**IV.     CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Plaintiff Dennis Szokola's Motion and Brief to Reopen Proofs on Specific Issue and Make Additional Findings of Fact Pursuant to Federal Rules of Civil Procedure 52, 59 **[Docket No. 244, filed on April 1, 2010]** is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion and Brief to Reopen Proofs on Specific Issue Regarding Permanent Layoff of Plaintiff David Joseph and Make Additional Findings of Fact Pursuant to Federal Rules of Civil Procedure 52, 59 **[Docket No. 247, filed on May 5, 2010]** is DENIED.

                                             s/Denise Page Hood  
                                             Denise Page Hood  
                                             UNITED STATES DISTRICT JUDGE

Dated:  March 30, 2011

4

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 30, 2011, by electronic and/or ordinary mail.

                                                  s/LaShawn R. Saulsberry
                                                  Case Manager, (313) 234-5165